**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **SHANA McDADE,** | ) | **CASE NO. 1:15 CV 433** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **PETERSON & IBOLD,** *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

Plaintiff Shana McDade has filed this *pro se* action against an attorney who represented her in a state lawsuit, and her attorney's law firm. She has also filed application to proceed *in forma pauperis*. (Doc. No. 2.)

The plaintiff's application to proceed *in forma pauperis* is granted; but, for the reasons stated below, the Court dismisses her complaint.

The plaintiff alleges she hired defendants to represent her "for representation in state court, and was dissatisfied with the results."[1] She contends she has alleged "the necessary components to make out a prima facie claim for legal malpractice." She alleges the defendants undertook her state case "without due diligence, due process, and protection of civil liberties" and refused her

---

[1] Public records show the defendants represented the plaintiff in a case in the Ohio Court of Claims, in which the plaintiff sought money damages from Cleveland State University after being terminated from its accelerated baccalaureate nursing program for misconduct. The Ohio Court of Claims granted the State summary judgment in the case, a decision the Ohio Court of Appeals affirmed. *See McDade v. Cleveland State University*, Case No. 14AP-275 (Ohio App. 10th Dist. Sept. 16, 2014).

request "to file and follow the case throughout federal court." She seeks $10 million dollars in damages, the "return of all legal fees paid to the Defendant," and an "order declaring that the acts [and] omissions and practices of Defendant constitute[] a pattern or practice that deprives [her] of rights, privileges or immunities secured or protected by the constitution or laws of the United States."

Although *pro se* pleadings are "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), 28 U.S.C. §1915(e)(2) requires district courts to screen and dismiss any *in forma pauperis* that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Even when a plaintiff is not proceeding *in forma pauperis*, a district court has an independent obligation to determine whether it has subject-matter jurisdiction over an action before it. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). The Federal Rules of Civil Procedure provide: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts have subject-matter jurisdiction over two basic categories of cases. The court has federal question jurisdiction, which is jurisdiction over cases that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). In addition, the court has "diversity" jurisdiction, which is jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. §1332. The Federal Rules of Civil Procedure require that

a complaint contain a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

The plaintiff's complaint does not contain a short and plain statement of the grounds for federal subject-matter jurisdiction, and it is evident from the face of the complaint that such jurisdiction does not exist. The only discernible cause of action alleged on the face of the plaintiff's complaint is a cause of action for legal malpractice, which arises under state – and not federal – law. A federal question is not presented on the face of the plaintiff's well-pleaded complaint, despite her mere reference to the Constitution in her prayer for a declaratory judgment.[2] In addition, there is clearly no basis for this Court to exercise diversity jurisdiction, as the plaintiff's filings indicate she and the defendants are all citizens of Ohio. Therefore, diversity does not exist.

In sum, the facts alleged in the plaintiff's complaint do not establish a basis for this Court to exercise subject-matter jurisdiction in this case. Accordingly, this action is dismissed for lack of subject-matter jurisdiction. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                */s/Dan Aaron Polster 3/30/15*
                                                DAN AARON POLSTER
                                                UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff also indicated on the civil cover sheet accompanying her complaint that her action is a federal civil rights action, but even to the extent the plaintiff purports to bring a civil rights cause of action her complaint fails to state a claim. The plaintiff sues only a retained private attorney and his law firm in this case, and it is well-settled that private attorneys are not persons acting under color of law who are subject to suit for constitutional violations. *See James v. Mann*, 234 F.3d 1268 (6th Cir.2000) (holding that retained attorney is not a person acting under color of state law and is not subject to suit for constitutional violations under 42 U.S.C. §1983).